IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02407-MSK-KLM

DAMON FOREMAN,

Plaintiff,

v.

WESTERN FREIGHTWAYS, LLC; and
NEW CENTURY TRANSPORTATION, INC.,

Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Damon Foreman and Defendants Western Freightways, LLC and New Century Transportation, Inc. (collectively all three referred to as the "Parties" or each individually as a "Party") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

2113638.1

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is entitled to protection under Fed. R. Civ. P. 26(c)(1), and that contains (a) information concerning employees of Defendant, to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary and/or confidential business information of the Defendant; (c) information containing industry trade secrets; (d) information relating to Plaintiff concerning personal matters not generally known to the public, such as, but not limited to, income information and medical information.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)    attorneys who are actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c)    the Parties, including human resources and management employees employed by Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(e) the Court in this case and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents; and

(h) other persons by written agreement of the Parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the disclosing Party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such written acknowledgment shall be in the form as provided in Exhibit A to this Stipulated Protective Order, attached hereto and incorporated herein. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as "CONFIDENTIAL" in correspondence from counsel to the Party producing documents. Defendant may designate documents produced by Plaintiff as CONFIDENTIAL if they are documents that were originally produced or created as records of Defendant.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made and the specific basis for such objection. Counsel certifies that no objection will be made until after counsel has researched the particular objection and determined it to be valid. If the Parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion pursuant to MJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the objecting Party fails to make such a motion within the prescribed time, the disputed information shall maintain its designation as CONFIDENTIAL and shall thereafter continue to be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion made under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Stamped confidential documents shall not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12, 37, or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the confidential documents are relevant to the motion and in appendices, briefs, or pleadings relating to an appeal. A party contemplating filing Confidential material protected by this

Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. A party seeking to file with the Court any Confidential material that has been designated by the another party may request that the designating party provide the information required by D.C.COLO.LCivR 7.2(B) by notifying counsel for the designating party in writing at least ten (10) business days before the filing is to occur. If such a request is made, counsel for the designating party shall, within five (5) business days, respond in writing providing the information required by D.C.COLO.LCivR 7.2(B). If no such timely request is made, the party seeking to file the Confidential materials must in good faith provide the information required by D.C.COLO.LCivR 7.2(B).

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL within ninety (90) days of conclusion of the action, or the Parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction within ninety (90) days after conclusion of the action.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

12. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person

believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

Stipulated and approved:

Respectfully submitted this 11th day of May, 2012.

*Original signature on file at Law Office of Susan R. Hahn*

s/ Susan R. Hahn
Susan R. Hahn, Esq.
Law Office of Susan R. Hahn
5590 S. Windermere Street, Suite C
Littleton, Colorado 80120
(720) 283-6282
Fax: (720) 283-1091
Email: Hahnlaw@juno.com

*Counsel for Plaintiff*

*Original signature on file at Law Offices of Davis Graham & Stubbs*

s/ Janet A. Savage
Janet A. Savage, Esq.
Sybil R. Kisken, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400
Fax: (303) 893-1379
Email: sybil.kisken@dgslaw.com
       janet.savage@dgslaw.com

*Counsel for Defendants*

**IT IS SO ORDERED** this 14th day of May 2012.

**BY THE COURT:**

*/s/ Kristen L. Mix*

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

## **EXHIBIT A**

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending litigation between Damon Foreman, Western Freightways, LLC and New Century Transportation, Inc.; that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name